# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JAMES BROADHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-00326-RDP-JHE |
| ) | |
| OFFICER McELMORE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff James Broadhead has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). Broadhead names the following defendants in the complaint: Alabama Department of Corrections ("ADOC"); Sergeant R. Gadsden; Correctional Officer Teague; and Correctional Officer McElmore. (Doc. 1 at 2–3). Broadhead seeks monetary and injunctive relief. (Doc. 1 at 5). The complaint is before the undersigned for a preliminary report and recommendation. *See* 28 U.S.C. § 636(b)(1); *McCarthy v. Bronson*, 500 U.S. 136 (1991). For the reasons to follow, the undersigned recommends the court dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted.

### I. Standard of Review

The Prison Litigation Reform Act requires this court to screen prisoners' complaints against government officers or employees. *See* 28 U.S.C. § 1915A. The court must dismiss these complaints, in whole or in part, if they are frivolous or malicious, seek monetary damages from a defendant immune from monetary relief, or do not state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). The court has the discretion under § 1915A(a) to dismiss a prisoner's

complaint *sua sponte* and prior to service.

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim is "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a claim is frivolous as a matter of law if the defendants are immune from suit or the plaintiff is seeking to enforce a legal right that does not exist. *Id*. at 327.

The legal standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) also determines whether a complaint states a valid claim under 28 U.S.C. § 1915A(b)(1). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Therefore, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and a complaint should be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 557 (2007). On the other hand, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, the court should dismiss a claim when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones*, 549 U.S. at 215.

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and should be liberally construed, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), but still must include factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

On January 29, 2020, Broadhead was incarcerated at W.E. Donaldson Correctional Facility and assigned to the Mental Health Restrictive Housing Unit. (Doc. 1 at 4). Around 12:00 p.m., Broadhead threw water out of his cell toward a staff member distributing items from the commissary. (Doc. 1 at 6). Broadhead explains he threw the water because the staff member confiscated his commissary items. (Doc. 1 at 6).

Correctional officers handcuffed Broadhead behind his back. (Doc. 1 at 6). Sergeant Gadsden then threw Broadhead to the ground before "stomp[ing] down on [his] left leg." (Doc. 1 at 6). Broadhead contends Gadsden also punched him in his face, head, and mouth, knocking out one of his teeth out and chipping another. (Doc. 1 at 6). Broadhead alleges Officer Teague punched him in his left eye and kicked him in his genitals. (Doc. 1 at 7). He asserts Officer McElmore kicked and stomped his face and head. (Doc. 1 at 8).

In addition to the injuries to his mouth, Broadhead alleges he suffered a laceration and swelling to his head, and a "twist[ed] and broke[n] left leg." (Doc. 1 at 5). Broadhead contends the defendants did not take him to the health care unit for treatment but instead placed him in a crisis cell where he was forced to "heal up on [his]own." (Doc. 1 at 6, 7, 8).

For relief, Broadhead requests monetary damages and disciplinary action against the defendants. (Doc. 1 at 5).

## III. Analysis

Broadhead alleges that on January 29, 2020, defendants Gadsden, Teague, and McElmore used excessive force against him after he threw water on a staff member. (Doc. 1 at 6–8). Broadhead's excessive force claims are barred by the statute of limitations.

The United States Supreme Court has held that the proper statute of limitations for a 42 U.S.C. § 1983 action is the forum state's general or residual statute of limitations for personal injury. *See Owens v. Okure*, 488 U.S. 235, 236, 249–50 (1989). The residual statute of limitations for personal injury in Alabama is two years. Ala. Code § 6-2-38*(l).*[1]

A limitations period begins to run when a cause of action accrues. *See Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996). The Eleventh Circuit has stated that a cause of action under § 1983 ordinarily "will not accrue, and thereby set the limitations clock running, until the plaintiff[ ] know[s] or should know (1) that [he] ha[s] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citing *Mullinax v. McElhenny*, 817 F.2d 711, 716 (11th Cir. 1987)). Generally, once a limitations period has run, the action is barred, regardless of the merits of the plaintiff's claims. *See Arce v. Garcia*, 434 F.3d 1254, 1260–61 (11th Cir. 2006) (citations omitted).

Broadhead's excessive force claims against Gadsden, Teague, and McElmore arose on January 29, 2020. (Doc. 1 at 4, 5, 6–8). On this date, Broadhead knew or should have known the defendants had allegedly violated his constitutional rights. Therefore, Broadhead had until January 29, 2022, to file a lawsuit. Broadhead did not file the present § 1983 action until February 28, 2022, after the statute of limitations had already expired.[2] (Doc. 1 at 13). Accordingly,

---

[1] Alabama Code § 6-2-38*(l)* provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

[2] Because a prisoner proceeding *pro se* has virtually no control over the mailing of his pleading, it is deemed to be filed at the time the prisoner delivers the pleading to prison or jail officials to be mailed. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988). Although the record contains no information regarding the date Broadhead gave his complaint to prison officials to mail, he signed the complaint on February 28, 2022. (Doc. 1 at 13). Thus, the undersigned deems Broadhead's complaint to have been filed on this date. The court did not receive the complaint until March 14, 2022. (Doc. 1 at 1).

Broadhead's excessive force claims against the defendants are barred by the statute of limitations and due to be dismissed for failure to state a claim upon which relief may be granted.

## IV. Recommendation

For these reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

DONE this 31st day of October, 2022.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE